UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                                  Case No. 1:21-cr-20591

v.                                        Honorable Thomas L. Ludington
                                                United States District Judge
NIGEL GENE INGERSOLL,

               Defendant.

_____/

**OPINION AND ORDER DENYING AS MOOT DEFENDANT'S MOTION TO MODIFY BOND AND DENYING DEFENDANT'S AMENDED MOTION TO MODIFY BOND**

In September 2023, Defendant Nigel Gene Ingersol was arrested for violating his probation conditions and detained pending a probation-violation hearing. Defendant now argues he should be released because he has two children and a small business that require his attention. The question presented is whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community based on the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of Defendant, and the nature and seriousness of the danger posed by his release.

**I.**

In March 2022, Defendant Nigel Gene Ingersoll pleaded guilty to one count of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(1)(6) and 924(a)(2). ECF Nos. 29; 32; 36. Four months later, he was sentenced to three years of probation, which included a mandatory condition that he not commit another crime while on probation. ECF No. 36 at PageID.172.

Less than 14 months later, Defendant was arrested "following a domestic violence incident

with his wife in their home." ECF No. 39 at PageID.232. He was released on bond by Otsego

County District Court and charged with two counts of assault with intent to do great bodily harm

less than murder and one count of domestic violence. *Id.*; *see also State of Michigan v. Ingersol*,

Case No. 2023-6657-FH (46th Circuit Court, Otsego County, Mich. 2023). Accordingly, this Court

issued a warrant for his arrest for violation of his probation conditions. *Id.*

On September 27, 2023, Defendant was arrested and appeared for arraignment before

Magistrate Judge Patricia T. Morris. ECF Nos. 41; 42. Although counsel was appointed to

represent him, he was ordered to pay $200 each month toward his appointed counsel. ECF No. 43.

He was ordered detained pending his probation-violation hearing, ECF No. 47, which is scheduled

for May 30, 2024, ECF No. 56.

On November 17, 2024, Defendant, through newly retained counsel, *see* ECF No. 53,

submitted a "Motion to Modify Bond," ECF No. 50 at PageID.244, which he replaced later that

day with an "Amended Motion to Modify Bond,"[1] ECF No. 51 at PageID.247. Defendant requests

an order "modify[ing] his bond" to "allow him to be released from custody." ECF No. 51 at

PageID.250. The Government opposes Defendant's request. ECF No. 52.

A hearing on Defendant's Amended Motion to Modify Bond, ECF No. 51, was scheduled

for December 7, 2023. ECF No. 54. During a prehearing conference in chambers that day, Defense

Counsel stated he planned to withdraw both motions, so a hearing never occurred. But neither

motion has been withdrawn. Accordingly, Defendant's request will be addressed on the merits.

Notably, since December 2023 additional criminal charges were brought against Defendant

in Otsego County through two separate cases. The first case alleged Defendant obstructed justice

and tampered with a witness, and he pleaded guilty to one count of obstruction of justice. *See State*

---

[1] Because Defendant's earlier motion, ECF No. 50, was later amended, *see* ECF No. 51, his earlier
motion will be denied as moot.

*of Michigan v. Intersol*, 2024-6704-FH (46th Circuit Court, Otsego County, Mich. April 15, 2024).

The second case alleged Defendant captured and distributed an image of an unclothed person[2] and

used a computer to commit a crime. *State of Michigan v. Ingersol*, 2024-6705-FH (46th Circuit

Court, Otsego County, Mich. March 18, 2024). In the second case, Defendant pleaded guilty to

one count of use of a computer to commit a crime in April 2024. *See State of Michigan v. Ingersol*,

2024-6705-FH (46th Circuit Court, Otsego County, Mich. April 15, 2024).

Regarding the September 2023 assault charges that led to Defendant's arrest for violation

of his probation conditions, Defendant pleaded guilty to one count of assault with intent to do great

bodily harm less than murder and one count of domestic violence in April 2024. *State of Michigan*

*v. Ingersol*, Case No. 2023-6657-FH (46th Circuit Court, Otsego County, Mich. April 15, 2023).

His sentencing hearing for all three state cases is scheduled for May 20, 2024.

## II.

Criminal Rule 32.1 provides the procedure courts follow when a condition of probation is

allegedly violated. FED. R. CRIM. P. 32.1. When a defendant is summoned or arrested after

allegedly violating probation terms, a magistrate judge must determine whether to release or detain

the defendant pending further proceedings. FED. R. CRIM. P. 32.1(a)(6). In making this

determination, the magistrate looks to 18 U.S.C. § 3143(a)(1), which instructs a defendant *shall*

*be detained* unless the magistrate judge "finds by clear and convincing evidence that the person is

not likely to flee or pose a danger to the safety of any other person or the community if released"

on personal recognizance with or without conditions. 18 U.S.C. § 3143(a)(1).

If a magistrate judge orders a defendant detained pending a probation-violation hearing,

the defendant may file "a motion for revocation or amendment of the" detention order with the

---

[2] These charges appear to be related to Defendant "having taken nude photographs of his wife
while she slept and sending it to the couple's 14-year[-]old babysitter." ECF No. 52 at PageID.256.

court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). The district court reviews

a magistrate judge's detention order *de novo*, making an independent determination of the proper

detention or conditions for release. *United States v. Amir*, No. 1:10-CR-00439, 2011 WL 2711350,

at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir.

1992)). The court need not defer to the magistrate judge's ultimate conclusion nor start from

scratch, yet must engage in some independent review of the decision. *United States v. Yamini*, 91

F.Supp.2d 1125, 1128 (S.D. Ohio, 2000) (quoting *United States v. Koenig*, 912 F.2d 1190, 1192

(9th Cir. 1990)).

**III.**

In determining whether there are conditions of release that will reasonably assure the

defendant's appearance and the safety of the community, the court must consider the four factors

outlined in 18 U.S.C. § 3142(g).

Nature and Circumstances of the Offense Charged. Defendant is alleged to have violated

his probation conditions by committing another state crime. ECF No. 39 at PageID.232; *see also*

ECF No. 36 at PageID.172. Importantly, Defendant has pleaded guilty to committing two state

crimes related to the September 2023 domestic assault. *See State of Michigan v. Ingersol*, Case

No. 2023-6657-FH (46th Circuit Court, Otsego County, Mich. April 15, 2023). And, as the

Government points out, this was a violent crime that resulted in injuries to Defendant's former

wife. ECF No. 52 at PageID.256; *see also* ECF No. 52-2 at PageID.262. The subsequent charges

for obstruction of justice and use of a computer to commit a crime only further demonstrate the

gravity of Defendant's actions and the danger he poses to the community. *See* ECF No 52 at

PageID.256 ("Additional charges may result form [Defendant] having taken nude photographs of

his [former] wife while she slept and sending it to the couple's 14-year[-]old babysitter."). This factor favors detention, not release.

Weight of the Evidence. Defendant has pleaded guilty in *three* pending state court cases since he was arrested for violating his federal probation. In this way, there is no question that Defendant committed a state crime, thus violating his probation conditions. Accordingly, the weight of evidence against Defendant is heavy, in favor of his detention.

History and Characteristics of the Defendant. Defendant's criminal history includes multiple drug and assault convictions, in addition to probation violations. *See* ECF No. 37 (sealed) at PageID.184–193. And it appears from the Presentence Report that Defendant and his former wife have a history of domestic disputes. *Id.* at PageID.194. Both of these facts raise concerns regarding whether he can comply with supervision or will engage in more criminal activity. True, Defendant owns a business that employs four people and has two children in the area, which suggest he has ties to the community that mitigate his flight risk. ECF No. 51 at PageID. 249. But Defendant's community ties are outweighed by his history of criminal activity, past probation violations, and history of violence with his former wife. On balance, this factor favors detention.

Nature and Seriousness of the Danger Posed. The danger Defendant's potential release poses to the community is significant. Not only did Defendant plead guilty to domestic violence and committing great bodily harm less than murder, his two other state-court cases involve allegations of witness tampering, obstruction of justice, and the sending of an inappropriate photo to a minor. *See supra* Section I. These cases, taken together, suggest that even beyond the domestic dispute, Defendant engaged in behavior that endangered the community and violated his probation conditions. Thus, this fourth factor favors Defendant's detention, too.

After a thorough review of the relevant factors, including the nature and circumstances of the offense, the weight of the evidence, Defendant's history and characteristics, and the danger posed by his potential release, this Court finds that no conditions of release will reasonably assure Defendant's appearance or the safety of the community. So Defendant's request for release will denied, and he will remain detained pending his probation violation hearing.

Accordingly, it is **ORDERED** that Defendant's Amended Motion to Modify Bond, ECF No. 51, is **DENIED**.

Further it is **ORDERED** that Defendant's Motion to Modify Bond, ECF No. 50, is **DENIED AS MOOT**.

Dated: April 22, 2024                         s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge